PER CURIAM:
This claim was filed incorrectly. The Court, upon its own motion, amended the style of the claim to reflect the State Auditor's Office as the proper party respondent.
*136 On December 19, 1986, the claimant bought property from the Deputy Commissioner of Forfeited Land for $165.00 in Raleigh County. Subsequent to the purchase of the property, it was determined that H.G. Farmer owned the property and claimant seeks $165.00.
The transfer of the property occurred on January 28, 1987. The deed is recorded in Raleigh County Deed Book 719 at page 23.
West Virginia Code §llA-4-25 states the following:
"Whenever, after sale and before confirmation thereof, it is discovered that the land sold was nonexistent, or that it had been the subject of a duplicate or improper assessment, or was transferred to others under the provisions of section 3, article XIII of the Constitution, the purchase shall be entitled to a return of the purchase money. Upon request of a purchaser so entitled, it shall be the duty of the deputy commissioner to apply to the circuit court for an order directing the sheriff to return the purchase money. If satisfied that the application is proper, the court shall enter the order applied for, but no costs shall be taxed in connection with such an application. If the ground for entering the order was that the land was nonexistent or the subject of a duplicate assessment, the order shall also direct the assessor to drop the erroneous entry of such lands from the land books." (1947, c. 160.).
The aforementioned statute clearly provides a legal remedy to claimant. For those reasons as mandated by West Virginia Code §14-2-14(5), the Court lacks jurisdiction of this claim. Therefore, the Court is of the opinion to, and does, deny the claim.
Claim disallowed.